UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

UNITED STATES OF AMERICA

v.  CASE NO. 6:24-cr-132-JSS-EJK
18 U.S.C. § 371

CHAD EARL COTSAMIRE

## INFORMATION

The United States Attorney charges:

### COUNT ONE
(Conspiracy to Transport Stolen Property in Interstate Commerce)

### A. Introduction

At times material to this Information:

1. Victim Company ("VC") was an American firearms and firearms parts manufacturer, headquartered in the Middle District of Florida. VC produced firearms and firearms parts for military, law enforcement, and civilian use. VC conducted business in the Middle District of Florida, and elsewhere.

2. CHAD EARL COTSAMIRE was an employee of VC and resided in Titusville, Florida.

3. Between 2019 and 2022, COTSAMIRE was employed by VC in the Research and Development section. As part of his duties, COTSAMIRE had access to the entire VC facility.

4. Christopher Hagan was a resident of Raymond, New Hampshire until about May 2019. In May 2019, Hagan moved to North Berwick, Maine.

### B. The Conspiracy

5.  From in or around 2019 through in or around June 2022, in the Middle District of Florida, the defendant,

CHAD EARL COTSAMIRE,

did knowingly and intentionally conspire and agree with Christopher Hagan and others to commit an offense against the United States, namely, to transport, transmit, and transfer in interstate and foreign commerce goods, wares, merchandise, and money, of the value of $5,000 or more, knowing the same to have been stolen and converted, contrary to 18 U.S.C. § 2314.

### C. Manner and Means of the Conspiracy

6.  The manner and means by which the members of the conspiracy sought to accomplish the objects and purpose of the conspiracy included, among others, the following:

   a. It was part of the conspiracy that the defendant, CHAD EARL COTSAMIRE, would and did steal firearms parts, from his employer, VC, to be transported across state lines, to Tennessee, and elsewhere.

   b. It was further part of the conspiracy that, prior to stealing firearm parts from VC, COTSAMIRE would and did photograph the firearms parts and send images of the firearms parts, along with a proposed price, to co-conspirator Hagan.

   c. It was further part of the conspiracy that, once COTSAMIRE and Hagan agreed on a price, Hagan would and did list the stolen firearms parts for sale on various Facebook pages.

   d. It was further part of the conspiracy that, when a buyer agreed to purchase the stolen firearms parts, COTSAMIRE would and did, at the direction of Hagan, ship the stolen firearms parts across state lines to various buyers.

### D. Overt Acts

7. On or about the dates set forth below, in the Middle District of Florida, and elsewhere, for the purpose of executing and attempting to execute the aforementioned conspiracy, the defendant,

CHAD EARL COTSAMIRE,

transported the following stolen property from VC across state lines:

| Overt Act | Date | Item | Value |
| --- | --- | --- | --- |
| 1 | 10/27/2021 | ECC Upper Receiver | $7000 |
| 2 | 11/16/2021 | ECC Upper Receiver | $7000 |
| 3 | 11/23/2021 | APC Keymod Upper Receiver | $5000 |
| 4 | 11/23/2021 | APC Keymod Upper Receiver | $5000 |
| 5 | 12/20/2021 | ECC Upper Receiver | $7000 |
| 6 | 02/07/2022 | ECC Upper Receiver | $7000 |

All in violation of 18 U.S.C. § 371 and 2314.

## **FORFEITURE**

1. The allegations contained in Count One are incorporated by reference for the purpose of alleging forfeiture pursuant to the provisions of 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c).

2. Upon conviction of a conspiracy of the violation of 18 U.S.C. § 2314, in violation of 18 U.S.C. § 371, the defendant shall forfeit to the United States, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c), any property, real or personal, which constitutes or is derived from proceeds traceable to the offense.

3. The property to be forfeited includes, but is not limited to, the following: an order of forfeiture for at least $190,314.85, which represents the proceeds the defendant personally obtained from the offense.

4. If any of the property described above, as a result of any acts or omissions of the defendant:

    a. cannot be located upon the exercise of due diligence;

    b. has been transferred or sold to, or deposited with, a third party;

    c. has been placed beyond the jurisdiction of the Court;

    d. has been substantially diminished in value; or

    e. has been commingled with other property, which cannot be divided without difficulty,

the United States shall be entitled to forfeiture of substitute property pursuant to 21 U.S.C. § 853(p), as incorporated by 28 U.S.C. § 2461(c).

                        ROGER B. HANDBERG
                        United States Attorney

By: _____
     Noah P. Dorman
     Assistant United States Attorney

By: _____
     Michael P. Felicetta
     Assistant United States Attorney
     Chief, Orlando Division